FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

97 DEC -9 PM 3:09

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY CO., | }<br>}<br>} |
| Plaintiff | } CIVIL ACTION NO. |
| vs. | }<br>} 97-AR-0999-M |
| WAYNE BAILEY, a minor, by and through his mother and next friend, Marigwen Bailey, et al., | }<br>}<br>}<br>} |
| Defendants | } |



ENTERED

DEC 9 1997

## MEMORANDUM OPINION

The court has for consideration cross-motions for summary judgment in the above-entitled cause by plaintiff, State Farm Fire and Casualty Company ("State Farm"), and defendant, Wayne Bailey, a minor, by and through his mother and next friend, Marigwen Bailey ("Bailey"). The sole issue is whether defendants, Alan Powell and Kathy Powell, d/b/a Carrousel Day Care and Learning Center ("Powells"), enjoy coverage for their potential liability to Bailey occasioned by a pending state court action brought by Bailey against them for personal injury.

Not because both sides seek summary judgment but because the material facts are not in dispute, the case is a perfect one for summary disposition. As the Eleventh Circuit said as recently as December 1, 1997, in *Da Cunha v. Standard Fire Ins./Aetna Flood Ins.*, No. 96-4300, 1997 WL 713977, at *2 (11th Cir. Dec. 1, 1997):



> "Contract interpretation is generally a question of law." [quoting *Lawyers Title Ins. Corp. v. J. D.C. (America) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995)].

> \* \* \*

> Under ordinary rules of contract construction, "a court must first examine the natural and plain meaning of a policy's language" and an "ambiguity does not exist simply because a contract requires interpretation or fails to define a term." "While ambiguous contracts are construed against their authors, meaning should not be added to clear and unambiguous language." [quoting *Key v. Allstate Ins. Co.*, 90 F.3d 1546, 1548-49 (11th Cir. 1996)] and *Tackitt v. Prudential Ins. Co. of America*, 758 F.2d 1572, 1575 (11th Cir. 1985)].

In the present case, the pertinent language of the liability insurance policy issued by State Farm to the Powells is unambiguous. It expressly excludes "coverage for bodily injury arising out of the ownership, maintenance, operation, use, loading or unloading of any automobile ... owned or operated by ... any insured ...." Bailey's tort claim against the Powells alleges in one count that the Powells negligently failed to provide Bailey safe transportation by operating a van without seat belts and, in another count, that they negligently allowed Bailey to be placed in a van without seat belts. Bailey's complaint cannot be construed in a way to provide coverage for the Powells under the terms of State Farm's policy. There is no escape from the ultimate fact that Bailey's cause of action, no matter how artfully pled, "arises out of" the "ownership" and/or the "maintenance" and/or the "operation" and/or the "use" and/or the "loading" of an automobile "owned" and/or "operated" by the Powells. Bailey understandably does not contend that the van, although used regularly in the

Powell's covered business, was not an "automobile" within the meaning of the policy.

The Powells may have thought that they were buying coverage for this particular exposure, but they bought a policy of insurance that expressly excluded such coverage. Therefore, State Farm's motion for summary judgment will be granted, and Bailey's motion will be denied.

DONE this 9th day of December, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

3